IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Norris Allen Martin, | ) | C/A No.: 5:13-693-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| F. Emory Rush, investigator; Michael R. | ) | |
| Culler, Jr., Defense Attorney; Jack | ) | |
| Coleman, Detective; Walter M. Bailey, | ) | |
| Solicitor; Lisa W. Mizell, Clerk of | ) | |
| Court; L. Clark Whetstone, investigator; | ) | |
| Peggy D. Davis, Judge; J. Frank | ) | |
| Quatterbaum, Solicitor; Barry Mock, | ) | REPORT AND RECOMMENDATION |
| SCDC Director Inmate Records; Ted | ) | |
| Shealy, SLED lab; James C. Williams, | ) | |
| Jr., Judge; Rosalyn Frierson, Director, | ) | |
| Court Admin.; Richard Murray, Judge; | ) | |
| Barbara Walters, Detective; Thomas W. | ) | |
| Behrman, M.D.; Robert N. Milling, | ) | |
| M.D.; Henry D. McMaster, Former | ) | |
| Attorney General; Costa Pleciones, | ) | |
| Judge; Christopher J. Murphy, Assistant | ) | |
| Solicitor; Boone Walters, Police Chief, | ) | |
| and E. Charles Grose, Jr., Defense | ) | |
| Attorney, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Norris Allen Morris, proceeding *pro se* and *in forma pauperis*, is an

inmate incarcerated at Lee Correctional Institution, a facility of the South Carolina

Department of Corrections ("SCDC"). He brings this action alleging violations of 42

U.S.C. § 1983 against judges, attorneys, law enforcement investigators, and medical and

forensic witnesses who were involved in a criminal prosecution against him in

Orangeburg County in 1998–1999. He also sues two employees of the state court system

and an SCDC employee for violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

According to the online public index of court records from Orangeburg County, on November 9, 1999, Plaintiff pleaded guilty to murder (case no. F401515); criminal sexual conduct, first degree ("CSC") (case no. 1998GS3801266); and criminal conspiracy (case no. 1998GS3801268).[1] *See* Orangeburg County Clerk of Court, http://www.orangeburgcounty.org/scjdweb/publicindex (last visited April 22, 2013). Plaintiff received a life sentence without parole on the murder conviction, thirty years consecutive on the CSC conviction, and five years consecutive on the conspiracy conviction. *Id.* On November 16, 1999, kidnaping charges (1998GS3801267), were *nolle prossed*. *Id.* On January 27, 2000, related, but unindicted, charges of lynching (case no. F408754); CSC, first degree (case no. F408796); and conspiracy (case no. F408798), were also *nolle prossed. Id.*

---

[1] The court may take judicial notice of public records. *See, e.g.*, Fed. R. Evid. 201(b)(2); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

In his complaint, Plaintiff contends that the January 27, 2000, "dismissal" of the unindicted CSC charges required SCDC to remove the CSC conviction that was in its records, but that officials wrongfully kept that conviction and a 35-year sentence in his prison record. [Entry #1 at 15]. Plaintiff alleges that in 2005, he asked defendant Barry Mock, SCDC Director of Inmate Records, to remove the allegedly incorrect conviction and sentence information from the SCDC files, but that it has not been removed. *Id*.

Plaintiff also sues law enforcement officers, judges, attorneys, and medical and forensic witnesses for illegal imprisonment and conviction in connection with his murder, CSC, and criminal conspiracy charges. He asserts that detectives F. Emory Rush, Barbara Walters, and L. Clark Whetstone of the Orangeburg County Sheriff's Department wrongly investigated and arrested him. *Id*. at 6, 11–12. He alleges that detective Jack Coleman took his statement about the facts surrounding the murder. *Id*. at 7. Plaintiff contends that the statement was inadmissible, but was still used against him. *Id*. He alleges that Boone Walters, Branchville Chief of Police, violated his rights when the police department sought and obtained a warrant for his arrest. *Id*. He contends that Judge Richard Murray and Judge Peggy D. Davis erred in issuing arrest warrants and that Judge James C. Williams wrongly sentenced Plaintiff. *Id*. at 7, 12. He claims that solicitor J. Frank Quattlebaum[2] violated his rights by signing the indictments against him. *Id*. at 12. He asserts Ted Shealy, a special agent with the South Carolina Law Enforcement Division, violated Plaintiff's rights through his examination of the forensic evidence. *Id*

---

[2] Identified by Plaintiff as "J. Frank Quatterbaum."

3

at 10, 17. Plaintiff claims that Costa Pleicones,[3] then an Orangeburg County judge, wrongly ordered a mental status examination regarding Plaintiff's ability to stand trial. *Id.* at 10. Plaintiff alleges that solicitor Christopher J. Murphy is responsible for his illegal imprisonment and conviction because Mr. Murphy requested the mental status examination. *Id.* at 16. Plaintiff sues psychiatrists Thomas W. Behrmann[4] and Robert N. Milling who examined him in connection with the court-ordered mental competency report and found him competent to stand trial. *Id.* at 11. Plaintiff also sues defense attorney E. Charles Grose, Jr., for signing the psychiatrists' reports. *Id.* at 16.  He claims solicitor Walter M. Bailey, Jr., violated his rights by serving discovery requests and filing a statement of intent to pursue the death penalty. *Id.* at 8. He contends that Henry D. McMaster, former Attorney General of South Carolina, helped get his post-conviction relief claim dismissed. *Id.* at 9. He asserts that defense attorney Michael R. Culler, Jr., failed to file a direct appeal for him despite his request. *Id.* at 7–8.

Finally, Plaintiff sues both the former Orangeburg County Clerk of Court Lisa Mizell and Rosalyn Frierson, the Director of the South Carolina Supreme Court Administration, because they did not provide him with a guilty-plea hearing transcript despite his requests. *Id.* at 9, 13–14. He notes that the court reporter's tapes were destroyed in compliance with SCACR 607. *Id.* at 14.

---

[3] Identified by Plaintiff as "Costa Pleciones."

[4] Plaintiff spelled this defendant's name as both Behrmann and Behrman in the complaint.

Plaintiff seeks damages, a preliminary injunction moving him from SCDC to county jail, and the opportunity to make bail. *Id*. at 23.

II.    Discussion

A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(I), (ii).   A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

1.     Plaintiff's Prosecution-Related Claims are Barred by *Heck v. Humphrey*

Plaintiff's § 1983 claims against the various participants in the criminal prosecution that resulted in his November 1999 guilty pleas should be dismissed because he does not allege that the convictions have been invalidated. Causes of action for wrongful arrest, prosecution, and conviction do not accrue until the conviction or convictions have been invalidated. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87; *see also Edwards v. Balisock*, 520 U.S. 641 (1997) (finding that the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies that necessarily imply the invalidity of the judgment).

A favorable determination on the merits of Plaintiff's § 1983 claims against the various participants in his criminal prosecution would imply that his convictions for murder, CSC, and criminal conspiracy are invalid. Under similar circumstances, the United States Supreme Court stated:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008). *Nolle prossed* charges for any reason other than innocence of the defendant does not satisfy the favorable termination requirement. *See Jackson v. Gable*, C/A No. 0:05-2591-HFF-BM, 2006 WL 1487047, *6 (D.S.C. May 25, 2006) (citing *Washington v. Summerville*, 127 F. 3d 552, 558–59 (7th Cir. 1997), *cert. denied*, 523 U.S. 1073 (1998)).

Because Plaintiff does not allege that he successfully challenged the lawfulness of his state court convictions before filing this case, his claims that his constitutional rights were violated during the 1998 murder, CSC, and criminal conspiracy arrest and prosecution should be dismissed because a right of action has not yet accrued.

To the extent that Plaintiff seeks injunctive relief in the nature of release from prison due to the alleged violations of his constitutional rights, release from prison is not available in this civil rights action. *See Heck*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his

confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (finding the length of duration of confinement is within the core of habeas corpus). Plaintiff cannot overcome the *Heck* bar by alleging constitutional violations as to the *nolle prossed* charges in connection with his murder guilty plea. *See Jackson*, 2006 WL 1487047, *6. The records do not document that the charges were *nolle prossed* because Plaintiff was innocent; rather, they suggest that the charges were disposed of because Plaintiff had plead guilty to the murder charge. *See* Orangeburg County Clerk of Court, http://www.orangeburgcounty.org/scjdweb/publicindex, case nos. 1998GS3801267, F408754, F408796, and F408798.

For the foregoing reasons, Plaintiff's § 1983 claims against defendants Rush, Culler, Coleman, Bailey, Whetstone, Davis, Quattlebaum, Shealy, Williams, Murray, Barbara Walters, Behrmann, McMaster, Pleicones, Murphy, Boone Walters, Grose, and Milling should be summarily dismissed without issuance of service of process for these defendants.

2.    Judicial and Quasi-Judicial Immunity

State court judges Davis, Williams, Murray, and Pleicones are also entitled to summary dismissal based on judicial immunity. South Carolina has a unified judicial system, which includes the Supreme Court, the Court of Appeals, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, Magistrate Courts, and Municipal Courts. *See* S.C. Const. art. V, § 1; *City of Pickens v. Schmitz*, 376 S.E.2d

271 (S.C. 1989). South Carolina judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). South Carolina judges are also protected from claims for injunctive relief. The § 1983 statute bars injunctive relief "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff does not allege that either of these prerequisites for injunctive relief was met; therefore, any claims for injunctive relief against the judicial defendants are also subject to dismissal. Based on the foregoing, it is recommended that defendants Davis, Williams, Murray, and Pleicones all be summarily dismissed.

In addition, defendants Mizell and Frierson are entitled to summary dismissal based on quasi-judicial immunity. The "doctrine of absolute quasi judicial immunity has also been adopted and made applicable to court support personnel because of 'the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). Because Plaintiff names defendants Mizell and Frierson for actions taken in furtherance of their roles within the state court system, such claims are subject to summary dismissal based on quasi-judicial immunity.

9

3.    Prosecutorial Immunity/ "Not a Person" Under § 1983

Even if Plaintiff's § 1983 claims were not otherwise barred by *Heck*, the attorneys named in the case would be subject to summary dismissal.  Plaintiff names the following attorneys: (1) defendants Bailey, Quattlebaum, and Murphy of the Orangeburg County Solicitor's Office; (2) defendant McMaster, former Attorney General of South Carolina; and (3) defense attorneys Culler and Grose.

In their capacity as prosecuting attorneys for state government, defendants Bailey, Quattlebaum, Murphy, and McMaster are immune from Plaintiff's claims and should be summarily dismissed.  Prosecutors have absolute immunity for activities in or connected with judicial proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).

In addition, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 & nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 & nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Because defendants Culler and Grose are named for performing traditional functions as counsel, they are not considered "persons" amenable to suit under § 1983 and should be summarily dismissed.

10

4.     Due Process Claim Against Defendant Mock

Finally, to the extent that Plaintiff seeks damages and injunctive relief from defendant Barry Mock, SCDC Director of Inmate Records, he fails to state a plausible § 1983 claim. Plaintiff alleges that his prison records incorrectly reflect a CSC conviction and sentence. [Entry #1 at 15]. While a state prison inmate has a limited due process right to have erroneous information expunged from his prison file, a constitutional claim is only raised where the prisoner alleges: (1) that the information is in the records, (2) that it is false, and (3) that it is relied on to a constitutionally significant degree. *Paine v. Baker*, 595 F.2d 197, 201 (4th Cir. 1979). As to the third prong, the *Paine* court stated:

> The requirement of reliance to a constitutionally significant degree has two dimensions. The first is the nature of the adverse administrative decision made on the basis of erroneous information. If the information is relied on to deny parole or statutory good-time credits, or to revoke probation or parole, the inmate's conditional liberty interest is at stake and the due process clause is called into play. Although other administrative actions such as transfer to another penal facility or status classification have been held without the ambit of the due process clause, in many situations an adverse decision in such matters may have collateral consequences touching on the liberty interest. We think a well-pleaded complaint alleging such circumstances would be sufficient.
>
> The nature of the false information is the second dimension. If the alleged error is a technical one which would not reasonably be a factor relied on in the decision-making process, then no claim for relief will lie. If the error is more significant, i.e., involving the inmate's past criminal record or his record of disciplinary offenses while in prison, then it may reasonably be relied on and fundamental fairness requires its expunction.

*Paine*, 595 F.2d at 202 (omitting internal citations). The *Paine* court also enunciated a requirement that the prisoner must first seek to have the contested information removed

11

from his file and give reasonable time for its removal before filing a federal lawsuit. *Id*. at 202–03.

Plaintiff's § 1983 claim against defendant Mock must be summarily dismissed because, even very liberally construed, there are no allegations satisfying the third prong set forth in *Paine*. Although Plaintiff alleges that he believes there is an incorrect conviction and sentence in his records and that he requested that it be removed, he has not alleged any resulting prejudice. Consequently, Plaintiff has failed to plead a plausible § 1983 claim.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

Shiva V. Hodges

April 24, 2013                              Shiva V. Hodges
Columbia, South Carolina          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).