IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Norris Allen Martin,                                        ) | |
| ) | Civil Action No.: 5:13-cv-00693-TLW |
| Plaintiff,    ) | |
| v.                                        ) | |
| ) | |
| F. Emory Rush, investigator; Michael R.    ) | |
| Culler, Jr., Defense Attorney; Jack    ) | |
| Coleman, Detective; Walter M. Bailey,    ) | |
| Solicitor; Lisa W. Mizell, Clerk of    ) | |
| Court; L. Clark Whetstone, investigator;    ) | |
| Peggy D. Davis, Judge; J. Frank    ) | |
| Quatterbaum, Solicitor; Barry Mock,    ) | |
| SCDC Director Inmate Records; Ted    ) | |
| Shealy, SLED lab; James C. Williams,    ) | |
| Jr., Judge; Rosalyn Frierson, Director,    ) | |
| Court Admin.; Richard Murray, Judge;    ) | |
| Barbara Walters, Detective; Thomas W.    ) | |
| Behrman, M.D.; Robert N. Milling,    ) | |
| M.D.; Henry D. McMaster, Former    ) | |
| Attorney General; Costa Pleciones,    ) | |
| Judge; Christopher J. Murphy, Assistant    ) | |
| Solicitor; Boone Walters, Police Chief,    ) | |
| and E. Charles Grose, Jr., Defense    ) | |
| Attorney,    ) | |
| ) | |
| Defendants.    ) | |
| _____) | |

**ORDER**

The Plaintiff, Norris Allen Martin ("Plaintiff"), brought this civil action, *pro se* and *in
forma pauperis*, on March 15, 2013 pursuant to 42 U.S.C. § 1983. (Doc. #1). Plaintiff is
presently an inmate incarcerated at Lee Correctional Institution pursuant to convictions for
murder, criminal sexual conduct in the first degree, and criminal conspiracy, all convictions toj
which Plaintiff plead guilty. (See Doc. #8 at 2). On April 24, 2013, United States Magistrate
Judge Shiva V. Hodges issued a Report and Recommendation (Doc. #8) in this matter
recommending that this civil action be dismissed in its entirety without prejudice and without

issuance and service of process. The Plaintiff filed objections to the Report and Recommendation on May 6, 2013. (Doc. #13).

After careful <u>de novo</u> review of this matter, this Court entered an Order on May 23, 2013 dismissing the above-captioned case without prejudice and without issuance and service of process. (Doc. #16). Judgment was entered on May 23, 2013. (Doc. #17).

This matter is now before the Court on motion, filed on June 18, 2013 by Plaintiff, to alter and amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. #19).

In his motion, the Plaintiff claims that "the District Court dismissed [this] case because court don't [sic] want to review or conducted [sic] a proper proceeding." (Doc. #19 at 5). The Plaintiff further asserts that "a key fact was overlooked, and if these key facts wasn't [sic] or had not been overlooked, then the ruling of the District Court's order would have been different."[1] (Doc. #19 at 1). For the foregoing reasons, the Plaintiff requests that this Court alter or amend its previous judgment dismissing this matter without prejudice and without service and issuance of process.

Plaintiff's motion states that he requests relief pursuant to Federal Rule of Civil Procedure 59(e). (Doc. #19). Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. <u>Pacific Ins. Co. v. American National Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998) <u>cert. denied</u>, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the

---

[1] Plaintiff's motion goes on to explain the fact he was referring to: "Plaintiff objects to the <u>de novo</u> review because in the time the review was conducted all the many facets of his claim which was or cannot be investigated [sic] as they are suppose[d] to have been, to this court this is the key fact that was overlooked." (Doc. #19 at 3).

appellate courts the burden of unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)).

However, Rule 59(e) motions may not be used to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding. Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

In light of the foregoing standards, the Court has carefully reviewed the Plaintiff's motion. After careful consideration of the relevant filings, this Court concludes that there is no basis under Federal Rule of Civil Procedure 59(e) for this Court to modify its Order (Doc. #16) and Judgment (Doc. #17) entered on May 23, 2013.

## CONCLUSION

The Court concludes that Plaintiff has not shown legally sufficient grounds that would require the alteration or amendment of the undersigned's previous Order and Judgment dismissing the above-captioned case without prejudice and without issuance and service of process.

Accordingly, for the reasons articulated herein, **IT IS HEREBY ORDERED** that the Plaintiff's motion to alter or amend judgment (Doc. #19) is **DENIED**.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
Terry L. Wooten
Chief United States District Judge

February 10, 2014
Columbia, South Carolina

3